OPINION AND ORDER
This matter has a long history, including four earlier appellate proceedings. These are: Appeal No. 328, Rose and Denver Atkinson vs. Roberta Boyd Beveridge and Roy Emerson, (2000), Appeal No. 340, Roberta Boyd Beveridge vs. Fort Peck Tribes, through its Chairman Arlyn Headdress and Rose and Denver Atkinson, (2000), Appeal No. 361, Rose and Denver Atkinson vs. Roberta Boyd Bever-idge and Roy Emerson, (2002) and Appeal No. 449, Denver and Rose Atkinson vs. Roberta Boyd (2007.)
Denver and Rose Atkinson, (“the Atkin-sons”), and Roberta Boyd, (“Mrs. Boyd”), are neighbors. As set forth in detail in Appeal No. 328, and cases following, a dispute between these neighbors has been going on since 1999. Mrs. Boyd owns parcels 9, 10 and 11, Township 27 N, Range 51 E, fee land within the boundaries of the reservation. Several acres of land have accreted next to Mrs. Boyd’s land. By land, the only access to the Atkinsons’ property is across Mrs. Boyd’s property. In June 1999, Mrs. Boyd sought and obtained an easement across Tribal land from the Fort Peck Tribal Executive Board to care for her livestock and maintain her property. A condition of the easement was for Mrs. Boyd to allow public access across her land. Whether or not she has allowed access across her land and whether or not the public has taken advantage of that access are the issues that form the basis of the ongoing dispute between Mrs. Boyd and the Atkinsons.
After a series of legal proceedings we will not describe here, on March 22, 2006 the Tribal Trial Court found Mrs. Boyd in Contempt of Court for her repeated failure to obey the Court’s Orders to stop impeding the Atkinsons’ access to their land. The Court further issued a permanent injunction against Mrs. Boyd from interfering with the Atkinsons’ access to their land. The Court also ordered Mrs. Boyd to post a $500 peace bond but then suspended the posting of the bond for ninety days, provided Mrs. Boyd does not interfere with access to the Atkinsons’ property. Mrs. Boyd, appealed from this Order, arguing, among other things that her right to legal representation had been denied. We affirmed the Tribal Court. Appeal No 449 (2007).
Following our decision, the Tribes filed a Motion for an Order to Show Cause directed to Mrs. Boyd to show cause why she shouldn’t be held in contempt. The hearing was held on July 7, 2007. Mrs. Boyd unsuccessfully sought a continuance to obtain legal counsel. The Tribal Trial Court then held the hearing and found Mrs. Boyd in contempt of Court, fining her $500 and giving her 60 days to come into compliance with the Court Orders directing her to allow the Atkinsons access across her property. It is from this Order that Mrs. Boyd appeals.
Oral argument was held on June 23, 2008. We affirm, finding that the judgment and order entered in the matter are supported by substantial evidence, and there is no basis to set aside such judgment and order. Mrs. Boyd’s rights to legal representation and due process were adequately protected during the course of these proceedings. We do not set aside any factual determinations of the Tribal Court if such determinations are supported by substantial evidence. II CCOJ § 202.
*239 Based upon the foregoing findings and good cause appearing:
IT IS NOW, THEREFORE, THE ORDER OF THIS COURT THAT:
The judgment of the Tribal Trial Court is affirmed.